UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

RAMON HUESO, )
 )
    Petitioner, ) Civil Action No. 13-19-HRW
 )
v. )
 )
M. SEPANEK, *Warden*, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
    Respondent. )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Ramon Hueso is an inmate confined at the Federal Correctional Center in Ashland, Kentucky. Proceeding without an attorney, Hueso has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence for certain drug trafficking offenses. R. 1.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hueso's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because Hueso may not assert his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On May 21, 2009, a federal grand jury in Alaska indicted Hueso for drug conspiracy and possession of methamphetamine with the intent to distribute ("PWID"). *United States v. Hueso*, No. 3:09-CR-48-RRB-1 (D. Ak.) ("the Sentencing Court") Hueso filed several motions, including a motion to suppress evidence and a motion to dismiss based on lack of venue, which the Sentencing Court denied. [D. E. No. 18, therein] The government dismissed the PWID charge, but on October 7, 2009, the jury found Hueso guilty of drug conspiracy. [D. E. No. 31, therein] On January 15, 2010, the Sentencing Court determined that Hueso had been a "leader" in the conspiracy and sentenced him to a 240-month prison term. [D. E. No. 67, therein]. Hueso moved for judgment of acquittal, alleging the absence of sufficient evidence to establish a conspiracy or venue in Alaska. The Sentencing Court denied that motion, and Hueso appealed. The Ninth Court of Appeals affirmed

Hueso's conviction. *United States v. Hueso*, 420 F. App'x 776 (9th Cir. 2011).[1]

On May 2, 2011, Hueso filed a 58-page motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but set forth no discernible grounds for relief in that submission. [Sentencing Court Docket Entry No. 91, therein] The Sentencing Court denied that motion but allowed him to file an amended § 2255 motion setting forth specific grounds for relief. [D. E. No. 93, therein] In June 2011, Hueso filed an amended § 2255 motion, alleging that he had received ineffective assistance of counsel because his attorney failed to (1) interview potential key witnesses, and (2) advise him that the government had made a favorable plea offer. [D. E. No. 95, therein]

On September 14, 2011, the Sentencing Court denied Hueso's amended § 2255 motion, finding that Hueso had not been denied effective assistance of counsel during his criminal proceeding. [D. E. No. 100, therein] The Sentencing Court stated that Hueso's counsel had "vigorously" represented him both during the pre-trial and trial stages of this matter, and had "thoroughly cross-examined witnesses and was clearly familiar with the facts of the case." [*Id.*, pp. 1-2, therein] The Sentencing Court

---

[1] The Ninth Circuit determined that the evidence at trial was sufficient to support the jury's conclusion that Hueso agreed to participate in the conspiracy; that Hueso not only repeatedly fronted drugs knowing that he would be paid only if they were resold, but also participated in and structured the final transaction; that the Sentencing Court did not err by finding that Hueso was a "leader" within the scope of U.S.S.G. § 3B1.1(c) for purposes of applying a two-level enhancement; and that the government's information under 21 U.S.C. § 851 was sufficient to notify Hueso of the crime it intended to use to support its request for an enhanced sentence. *Id.*

further opined, "It is highly unlikely that other counsel could have obtained a different result for Defendant. The evidence against Defendant at trial was significant and the Court is convinced that he was not wrongfully convicted." [*Id.*, p. 2]

As for Hueso's allegation that his trial counsel had failed to notify him of the government's favorable plea offer, the Sentencing Court determined that because Hueso had not raised that claim in either his original or amended § 2255 motion, but had instead asserted it *only* in response to the government's response, Hueso had not asserted that claim in a timely manner. [*Id.*, pp. 2-3] The Sentencing Court denied Hueso a certificate of appealability, and Hueso appealed. The Ninth Circuit Court of Appeals subsequently denied Hueso's request for a certificate of appealability. *United States v. Hueso*, No. 11-35855 (9th Cir. May 15, 2012).

### ALLEGATIONS ASSERTED IN THE § 2241 PETITION

Hueso argues that he is actually innocent of the enhanced sentence he received pursuant to 28 U.S.C. § 581; that his 240-month sentence violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution; and that he received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment of the U.S. Constitution.

Hueso bases his challenge to his enhanced 240-month sentence on the fact that neither of his two prior state court convictions (imposed in the State of Washington)

4

were sufficient to trigger the sentencing-enhancement provisions of § 851(b). Hueso contends that because he could not have been sentenced to serve more than one year under either of those state sentences, and because he in fact served only a total of 40 days under those convictions, the Sentencing Court therefore improperly treated his prior state convictions as prior felony offenses by finding certain aggravating factors, and improperly enhanced his federal sentence and imposed a 240-month prison term, instead of a minimum 10-year sentence. [D. E. No. 1-1, p. 8] Hueso further contends that the holdings rendered in *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), and *United States v. Simmons*, 649 F.3d 237, 243 (4th Cir. 2011), apply retroactively to, and support, his claim that his sentence was improperly enhanced based on non-existent offenses.

Hueso's claim that his trial counsel was constitutionally deficient is unclear, but he appears to argue that at sentencing, his counsel failed to invoke the holding of *Carachuri-Rosendo* on his behalf.

## DISCUSSION

Hueso is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Hueso continues to challenge the constitutionality of his underlying conviction and sentence on Fifth

5

and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a

6

prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012).

Hueso alleges in broad terms that he received ineffective assistance of counsel during his criminal proceeding, but he provides no specific allegations in support of that claim. Hueso cites numerous cases on the subject of ineffective legal representation, but the only *factual* claim he asserts consists of this statement:

> Since counsel failed to thoroughly investigate and present this mitigating evidence to the Court, his representation was objectively unreasonable and Petitioner suffered a higher sentence due to the enhancement.

[D. E. No. 1-1, p. 17]

The Sentencing Court previously rejected all of the Sixth Amendment claims Hueso asserted in his § 2255 motion, stating unequivocally that Hueso's trial counsel

7

had thoroughly and vigorously defended him in all respects. Further, Hueso did not allege in his amended § 2255 motion, which he filed in June 2011, that the Sentencing Court had improperly used his prior state court convictions to enhance his sentence. By that time, Hueso either knew or should have know of any and all facts giving rise to that particular claim, especially since the Ninth Circuit had previously ruled that the government's 21 U.S.C. § 851 information, though deficient in some respects, was sufficient to notify Huseo that it intended to seek an enhanced sentence.

As noted, the remedy under § 2255 is not inadequate where a petitioner either asserted a legal argument and lost, or where he had an opportunity to assert a challenge, but failed to do so. *Charles*, 180 F.3d at 756-758. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The fact that Hueso was unsuccessful on direct appeal and in his § 2255 motion does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.") Hueso may not use § 2241 as a vehicle merely to assert Sixth Amendment claims which he unsuccessfully asserted in his amended § 2255 motion, or to assert a Fifth Amendment claim which he could have, but did not, assert in his amended § 2255

8

motion. For these reasons, Hueso has not established that his remedy under § 2255 was inadequate and ineffective to challenge his detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Hueso contends that *Carachuri–Rosendo* is a new rule of law which the Supreme Court has made retroactively applicable, and that it affords him relief from his sentence.

In *Carachuri–Rosendo*, the Supreme Court held that a defendant who has been convicted in state court for a subsequent simple drug possession offense, which was not enhanced for recidivism based upon the fact of a prior conviction for drug possession, had not been convicted of an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43), so as to disqualify him for cancellation of removal.

9

Case: 0:13-cv-00019-HRW Doc #: 2 Filed: 08/06/13 Page: 10 of 13 - Page ID#: 56

*Carachuri-Rosendo*, 130 S. Ct. at 2581-82, 2587-89.

In *Simmons*, the defendant's federal sentence was enhanced under § 841 for prior state drug convictions, including a 1996 North Carolina conviction for possession with intent to distribute marijuana. *Simmons*, 649 F.3d at 239. In 2009, the Fourth Circuit affirmed on direct appeal, but the Supreme Court granted Simmons's petition for a writ of *certiorari*, vacated the panel decision, and remanded for further consideration in light of its intervening decision in *Carachuri-Rosendo*. The Fourth Circuit originally re-affirmed its prior holding, but subsequently voted to rehear the case sitting *en banc*. *Id*.

Analyzing the Supreme Court's approach to determining whether a prior state conviction qualifies as a predicate offense for purposes of enhancing a federal sentence, the Fourth Circuit determined that the "maximum term of imprisonment" for the state offense must be firmly established by the state court record itself, not based on hypothetical extrapolations from that record. *Simmons*, 649 F.3d at 243-44. Because the state court record established that the aggravating factors necessary to bring Simmons's state court offense within the definition of a predicate felony offense had not been applied, the Fourth Circuit found him entitled to relief from his sentence on direct appeal.

Hueso's claim for relief under *Carachuri-Rosendo* is not a claim of "actual

innocence" for two reasons. First, Hueso does not claim that he did not commit the underlying drug crime of which he was convicted (drug conspiracy), only that the sentence imposed was improper in light of *Carachuri-Rosendo*. An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002); *Eiland v. Rios*, No. 7:07-cv-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same).

Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not

11

their sentences. *Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

Second, courts have also held that the decision in *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 559-560 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); *Sacksith v. Ebbert*, No. 1: CV-12-2543, 2013 WL 784883, at **6-8 (M.D. Pa. Jan. 23, 2013); *Stevens v. Farley*, No. 1: 11CV2260, 2012 WL 1669847, at *3 (N.D. Ohio May 14, 2012); *Thomas v. Holland*, No. 0:11-CV-98-HRW, 2011 WL 2446373, at *5 (E.D. Ky. June 15, 2011). Thus, Hueso's claims, even if found to be with merit, did not result in him being convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal

or first collateral attack on his conviction. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Finally Hueso's construed allegation that his trial counsel was constitutionally deficient for failing to assert the *Carachuri-Rosendo* holding on his behalf during his sentencing proceeding lacks merit. Hueso was sentenced on January 15, 2010, but *Carachuri-Rosendo* was not rendered until June 14, 2010, some five months later. An attorney can not be faulted for failing to cite to or rely on a Supreme Court decision that has not been rendered.

The Court will therefore deny Hueso's petition because he may not assert his claims in a habeas corpus proceeding under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Ramon Hueso's 28 U.S. C. § 2241 petition for a writ of habeas corpus [D. E. No. 1], is **DENIED**;

2. The Court will enter an appropriate judgment; and.

3. This matter is **STRICKEN** from the docket.

This August 6, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge